Aultman & Co. v. Ohl.

## C. AULTMAN & CO.

v.

## HENRY OHL ET AL.

*Negotiable Instruments—Note—Evidence—Warranty—Contract of Sale —Waiver.*

An error in the exclusion of evidence, which has worked no injury to the appellant, is not sufficient ground for reversal.

[Opinion filed May 25, 1888.]

APPEAL from the County Court of Champaign County; the Hon. J. W. LANGLEY, Judge, presiding.

Mr. W. A. PERKINS, for appellants.

Messrs. RAY & SLAUSON, for appellees.

CONGER, P. J. This was a suit brought upon two promissory notes given in payment for a mowing machine, and the defense set up was that the machine would not work as represented and was worthless. Verdict and judgment for defendants.

The principal error complained of by appellant is the refusal by the court to permit the warranty printed upon the back of the order given by appellees to appellant for the machine, to be read to the jury.

The order was as follows:

"C. AULTMAN & Co., Canton, Ohio.
                         "TOLONO, ILLINOIS, June 26, 1885.

"The undersigned has this day bought of your agent, W.
H. Vanaslen, at Tolono, Illinois, one Buckeye Dropper and
Mower, combined, to be delivered, if possible, at (insert plain
and full description of machine wanted) Tolono, on the 30th
day of June, 1885, where he agrees to receive the same and
pay freight from Canton, and at the same time pay to your
order one hundred and fifteen dollars as follows, cash, $......
and notes with approved security, bearing interest at seven
per cent. as follows:

"One for $38.35, due Jan. 1, 1886; one for $38.35, due Oct.
1, 1886; one for $38.30, due Jan. 1, 1887; one for $......
due ...... 188 .   The machine above ordered to be subject
to warranty printed on back of this order.
                                            "HENRY OHL.

"Post   office, Pesotum.   County, Champaign, State of
Illinois."

Copy of the warranty on the back of the order refused by
the court to go to the jury as evidence:

                         "WARRANTY.

"The machine herewith ordered is warranted, with proper
usage and management, to work equal to or better than any
first class machine made for doing the same work.   If, in one
day's trial, it shall not perform as above warranty provides,
the purchaser agrees to notify C. Aultman & Co., or the agent
within named, and allow them time to get to the machine and
remedy the defect, if there be any (if it be of such a nature
that a remedy can not be suggested by letter), the purchaser
rendering necessary and friendly assistance.   If the machine
can not be made to fill the warranty, it shall be returned by
the purchaser to the place where received.   More than one
day's use of said machine shall be considered an acceptance of
it, and this warranty shall not be binding if the machine shall
be delivered before settlement shall have been made for same,
as stipulated.".

The court, we think, erred in not permitting the warranty to go to the jury, that they might determine from all the evidence in the case whether it formed a part of the contract between the parties or not. If any misrepresentations or concealments were made at the time the order was signed, by appellants or their agents, it might be that the jury would be authorized to say it was no part of the contract signed by appellee, but it, together with all the circumstances attending the execution of the order, should have gone to the jury.

But we do not think this erroneous ruling of the court worked any substantial wrong to appellants, for the reason that appellee did, within two or three days after receiving the machine, report to appellant's agent the fact that the machine would not work, and from that time on, he kept it at appellant's request, and there was therefore upon the appellant a waiver of the terms contained in the warranty.

The judgment of the County Court will be affirmed.

*Judgment affirmed.*